**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DI STRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DEBRA VALDEZ and** | § | |
| **ALBERT GARZA,** | § | |
| *Plaintiffs,* | § | |
| | § | **CIVIL ACTION NO. 13-CV-865-FB** |
| **v.** | § | |
| | § | |
| **CALTON INVESTMENTS, INC.** | § | |
| *Defendant.* | § | |

**DEFENDANT CALTON MANAGEMENT, LLC'S ANSWER
(SUBJECT TO RULE 12 AND OTHER DEFENSES)
TO PLAINTIFFS' AMENDED COMPLAINT**

TO THE HONORABLE CHIEF JUDGE FRED BIERY:

Comes now, Defendant Calton Management, LLC and hereby answers subject to its pending Rule 12 defenses (motion to dismiss improper, non-employer party) Plaintiffs' DEBRA VALDEZ ("Valdez") and Albert Garza ("Garza") (collectively "Plaintiffs') Amended Complaint against Defendant CALTON MANAGEMENT, LLC ("Calton" or "Defendant") and would show as follows:

## I.   PRELIMINARY STATEMENT

**1.** CALTON MANAGEMENT, INC. unequivicablly denies any alleged violations of the Fair Labor Standards Act ("FLSA"). Defendant specifically denies that it or any of its employees or agents have retaliated against Plaintiffs or that Plaintiffs are owed monies for wages or unpaid overtime. The remainder of paragraph 1 is also denied.

## II.   PARTIES

**2.** Defendant CALTON MANAGEMENT, INC. does not know where Plaintiff Valdez resides but can confirm that she was employed by Defendant from about April 2013 through August 27, 2013 in a maintenance position.

3.      Defendant does not have current information concerning Plaintiff ALBERT GARZA'S residence.  Defendant CALTON MANAGEMENT, LLC can confirm that he was employed by Defendant from February 2013 through June 2013 in a maintenance position.

4.      Defendant CALTON MANAGEMENT, LLC admits it is a limited liability corporation and has been served through its registered agent for service of process, Eric L. Meyer. The remainder of paragraph 4 is denied.  Defendant Calton Management, LLC confirms that it was Plaintiff's employer as defined by 29 C.F.R. §791.2 during the previously described time periods.  CALTON MANAGEMENT, LLC is an improper non-employer party that should be dismissed from the suit.

### III.   JURISDICTION AND VENUE

5.      Defendant CALTON MANAGEMENT, LLC admits that this Court has jurisdiction over the subject matter of this action under § 16(b) of the FLSA, 29 U.S.C. §216(b) but denies that it has violated the FLSA.

6.      Defendant CALTON MANAGEMENT, LLC admits that venue is proper pursuant to 28 U.S.C. §1391 (b) because a substantial part of the alleged events or omissions giving rise to the claims occurred in Bexar County, Texas. Defendant denies Plaintiff's claims.

### IV.   FACTUAL ALLEGATIONS

7.      Defendant Calton Management, LLC is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  The remainder of paragraph 7 is denied.

8.      Defendant  CALTON MANAGEMENT, LLC employed Garza from about February 2013 through June 2013. During this time, Garza worked 45 hours per week.  Garza was paid forty (40) hours at his regular rate of pay $12.14 per hour and the five (5) hours of overtime was compensated at the time and a half rate of $18.28 per hour.  This was pursuant to an employment agreement between Mr. Garza and CALTON MANAGEMENT, LLC. Defendant denies that Garza ever worked more than 45 hours per week.  Garza did in fact take days off and continued to receive pay for days he did not work.  Therefore Garza, in fact, worked less hours than the 45 hours per week he was paid.  Garza was specifically informed that if he ever encountered a situation that required more than five (5) hours of overtime he was to inform his supervisors and his supervisor would determine if the additional overtime would be authorized or the matter handled through contractors or by delaying the work.  Accordingly, Plaintiffs' paragraph 8 is denied.

9.      Defendant paid Garza time and one-half of his regular rate for all hours worked over forty in a workweek.  To the extent Garza contends otherwise it is denied.

10.      Garza never complained to Defendant that he was not being paid overtime wages. Plaintiffs' paragraph 10 is denied.  The notion that Garza was terminated for complaining about overtime wages is false.  He was terminated for participating in a fraudulent scheme to bill Defendant for "make ready" work assigned to a fraudulent contractor and then paid by Calton Management, LLC and the funds split or shared in some way with co-plaintiff Debra Valdez.

11.      Defendant employed Valdez from April 2013 through August 27, 2013.  During this time Valdez worked 45 hours or less per week.  Valdez documented her working hours by clocking in and out of the workplace. Plaintiffs Garza and Valdez had keys to the Defendant's offices when they were closed for business and could use the time clock after hours if needed.

*Defendant Calton Management, LLC's Answer*
*(Subject to Rule 12 and Other Defenses) to Plaintiffs' Amended Complaint*                                      Page 3

Valdez was paid 40 hours each week at the rate of $12.63 per hour and an additional five (5) hours each week at time and a half or $18.95 per hour.  The Plaintiffs' paragraph 11 is denied.

12.    Defendants never failed to pay Valdez time and one-half of her regular rate for all hours worked over forty in a workweek.  Plaintiffs paragraph 12 is denied.

13.    Plaintiffs' paragraph 13 is denied.

14.    Defendant always paid Valdez time and one-half of her regular rate for all hours worked over forty in a workweek.  Plaintiffs' paragraph 14 is denied.

15.    Valdez did not complain to Defendant regarding overtime wages. In fact Valdez said on several occasions that she had no problem on issues with Calton Management, LLC. Valdez complained about her being terminated and the apartment manager, Maria Garza, not being terminated.  In fact Valdez took days off from work and received pay for days she did not work.  Plaintiffs' paragraph 15 is denied.

16.    Valdez engaged in a fraudulent scheme to bill Calton Management, LLC for work done by a fictitious contractor.  Invoices were submitted to and paid by Calton Management and then the checks endorsed by Valdez.  Plaintiff's paragraph 16 is denied.

17.    Defendant makes, keeps, and preserves, accurate records with respect to Plaintiffs including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.  Plaintiffs' paragraph 17 is denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA - OVERTIME WAGES

18.    Plaintiffs' paragraph 18 is an incorporation paragraph and to the extent necessary, it is denied.

**19.**     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.,* and the supporting federal regulations, apply to the parties.  Plaintiffs' paragraph 19 is denied to the extent it implies a wage violation by Defendant.

**20.**     Defendant always paid Plaintiffs overtime wages at time and a half of their regular rate for hours that they worked over 40 hours in a workweek.

**21.**     Plaintiffs' paragraph 21 is denied.

**22.**     Plaintiffs' paragraph 22 is denied to the extent it contends unlawful, willful or intentional conduct by Defendant Calton Management, LLC.

**23.**     Plaintiffs' paragraph 23 is denied to the extent it contends unlawful, willful or intentional conduct by Defendant Calton Management, LLC.

<u>**SECOND CAUSE OF ACTION: FLSA - RETALIATION**</u>

**24.**     Plaintiffs' paragraph 24 is an incorporation paragraph and to the extent it is denied.

**25.**     Plaintiffs' paragraph 25 is not applicable to the fact at bar but to the extent it alleges an FLSA violation by Defendant, it is without merit and denied.  The FLSA makes it unlawful for an employer to discharge any employee because such employee has filed a complaint under the FLSA  29 U.S.C. §215(a)(3) and Defendant has not violated this action in any way.

**26.**     Plaintiffs' paragraph 26 is denied.

**27.**     Plaintiffs' paragraph 27 is denied to the extent it alleges that defendant violated the FLSA or that Plaintiffs are in any way entitled to reinstatement, payment of lost wages, liquidated damages, prejudgment interest, attorney's fees, costs and other compensation under the FLSA.  Denied.

## JURY DEMAND SHOULD BE STRICKEN

28.     Calton Management denies Plaintiffs have a right to a jury trial under the facts alleged and request that their jury demand be stricken.

## COUNTERCLAIM FOR ATTORNEY FEES AND COSTS

29.     CALTON MANAGEMENT, LLC has been required to retain counsel to defend its interests in a matter that is not well grounded in law or fact.  Defendant seeks reimbursement for its attorney fees and costs incurred in defending this matter.

## PRAYER

30.     Defendant Calton Management, LLC prays for a take nothing judgment against Plaintiffs and reimbursement of the attorney fees and costs incurred in defending this meritless if not frivolous action.

Respectfully submitted,

 /s/ Edward L. Piña
**EDWARD L. PIÑA**
Attorney at Law
State Bar No.  16011352
**Edward L. Piña & Associates, P.C.**
*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas 78229
(210) 614-6400 Telephone
(210) 614-6403 Facsimile
ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this document has been forwarded to the following counsel of record in accordance with the Districts ECF service rules on this 11th day of December 2013, as follows:

>**Melissa Morales Fletcher**
>Attorney-in-Charge
>State Bar No. 24007702
>Melissa Morales Fletcher, P.C.
>**Lawrence Morales II**
>State Bar No. 24051077
>The Morales Firm P.C.
>115 E. Travis, Suite 1530
>San Antonio, Texas 78205
>(210) 225-0811 Telephone
>(210) 225-0821 Facsimile
>ATTORNEYS FOR PLAINTIFFS

*/s/ Edward L. Piña*
**EDWARD L. PIÑA**
