**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **DEBRA VALDEZ and ALBERT GARZA,** * | |
| * | |
| Plaintiffs, * | |
| * | |
| v. * | CIV. NO. SA-13-CA-0865-FB |
| * | |
| **CALTON MANAGEMENT, LLC,** * | |
| **CALTON INVESTMENTS, INC.,** * | |
| **MARILYN MEYER, ERIC MEYER,** * | |
| **and BRENT MEYER,** * | |
| * | |
| Defendants. * | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants' Calton Investments, Inc., Eric Meyer, Marilyn Meyer, and Brent Meyer's Opposed Rule 12(b)(6) Motion to Dismiss Non-Employer Parties (docket no. 56), to which plaintiffs have responded (docket no. 61). Upon consideration of the motion, response, and applicable law, defendants' motion should be **GRANTED in part** and **DENIED in part** in accordance with this Memorandum and Recommendation. (Docket no. 56).

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises under the Fair Labor Standards Act of 1938, 52 Stat. 1060, as amended, **29 U.S.C. §201 *et seq*.** ("FLSA"). Plaintiffs allege they were employed by defendants in maintenance positions, and were often required to work in excess of forty hours in a single work week; however, pursuant to an Employment Agreement, plaintiffs were only paid forty hours at the regular rate, and five hours at the rate of time and a half, regardless of

the number of hours worked. Plaintiffs seek to recover compensation for unpaid overtime, liquidated damages, and attorney's fees.

Plaintiffs have sued Calton Management, LLC., Calton Investments, Inc., Brent Meyer, Eric Meyer, and Marilyn Meyer, alleging defendants jointly "failed to make, keep, and preserve accurate records and/or original records with respect to Plaintiffs including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations." (Docket no. 43, Plaintiffs' Third Amended Complaint). In particular, plaintiffs allege that Calton Management, LLC employed plaintiffs and that "Calton Investments, Inc. owned and managed the properties at which plaintiffs worked; controlled the conditions of employment; paid wages to plaintiffs; and engaged in other conduct making it an employer and/or joint employer under the FLSA." (Id.). Plaintiffs also allege that defendant Brent Meyer had managerial responsibilities and substantial control of the terms and conditions of the plaintiffs' work and that both Eric Meyer and Marilyn Meyer "possessed the power to hire and fire employees; supervised and controlled employee work schedules or conditions of employment; determined the rate and method of pay; and/or maintained employment records." (Id.).

Defendants, Calton Investments, Inc., Eric Meyer, Marilyn

Meyer and Brent Meyer, move to dismiss plaintiffs' claims for failure to state a claim upon which relief may be granted, or alternatively, for judgment on the pleadings, maintaining that with the exception of Calton Management, LLC, the defendants are not employers for purposes of the FLSA. (Docket no. 56). Defendants contend that plaintiffs' allegations are based solely on conclusory statements and that plaintiffs "have provided no factual support for suing Calton Investments, Inc., the real estate holding company, and Eric Meyer, Brent Meyer and Marilyn Meyer, in their individual capacities." In support of their motion, defendants submit the following exhibits: Exhibit A- Affidavit of Marilyn Meyer; Exhibit B- Maria Gonzales' Deposition Excerpts; Exhibit C- Marilyn Meyer's Deposition Excerpts; Exhibit D- Albert Garza's Deposition Excerpts; and Exhibit E- Brent Meyer's Deposition Excerpts.

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." **FED.R.CIV.P. 12(d).** Because the Court considers the evidence submitted by defendants in support of their motion, the court treats defendants' motion as one for summary judgment under Rule 56.

## **STANDARD OF REVIEW**

Summary judgment shall be rendered if the movant shows that

"there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **FED.R.CIV.P. 56(a)**. The plain language of this rule mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.* at 322-23. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A summary judgment movant or opponent must cite to materials in the record or show that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. **FED.R.CIV.P. 56(c)(1)**. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify to the matters stated.

**FED.R.CIV.P. 56(c)(4).** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact, (2) consider the fact to be undisputed for purposes of the motion, or (3) grant summary judgment if the motion and supporting materials show that the movant is entitled to it. **FED.R.CIV.P. 56(e).**

## APPLICABLE LAW

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." **29 U.S.C. § 203(d).** The Fifth Circuit utilizes the "economic reality" test to determine a party's status as an employer under the FLSA. ***Gray v. Powers***, 673 F.3d 352, 354 (5th Cir.2012). This test requires the court to consider "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." ***Id.*** at 355 (citation and internal quotation marks omitted). A party need not establish each element in every case; however, in joint employer contexts, each employer must meet the economic reality test. ***Id.*** at 357, 355.

"The dominant theme in the case law is that those who have operating control over employees within companies may be

5

individually liable for FLSA violations committed by the companies." ***Martin v. Spring Break '83 Prods., LLC***, 688 F.3d 247, 251 (5th Cir.2012)(citation and internal quotation marks omitted). This comports with the remedial purposes of the FLSA which "require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." ***Orozco v. Plackis,*** 757 F.3d 445, 448 (5th Cir. 2014)(*quoting* ***McLaughlin v. Seafood, Inc.***, 867 F.2d 875, 877 (5th Cir.1989)(per curiam), *modifying* 861 F.2d 450 (5th Cir.1988)).

Whether a person is an employer under the FLSA is a question of law; however, subsidiary findings are a question of fact. ***Beliz v. W.H. McLeod & Sons Packing Co.***, 765 F.2d 1317, 1327 (5th Cir.1985). Thus while plaintiffs have the burden of proving the employer falls under the FLSA, the party seeking summary judgment has the burden of showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **FED.R.CIV.P. 56(a)**.

## DISCUSSION

Defendants state that plaintiffs were employed solely by Calton Management, LLC, a company that operates two apartment complexes in San Antonio and two in South Texas. Defendants maintain that Calton Investments, Inc., the real estate holding company that owns the real properties, and defendants Eric Meyer, Marilyn Meyer and Brent Meyer are not alter egos of Calton

6

Management LLC, or otherwise joint employers, and therefore, should be dismissed from this FLSA suit. To ascertain whether these defendants are employers for purposes of the FLSA, the court applies the "economic reality" test to each individual or entity alleged by plaintiffs to be an employer. *Gray*, 673 F.3d at 355.

**A. Eric Meyer**

Defendants maintain Eric Meyer was not plaintiffs' employer, initially citing to testimony from Maria Gonzales, the manager of the Timberock Apartments, who states that she dealt exclusively with Dorothy Pinckney for payroll matters, and that, as the apartment manager, she, rather than Eric Meyer, was responsible for supervising the maintenance employees. (Docket no. 56, exh. B). Additionally, defendants cite to Gonzales's testimony that her interactions with Eric Meyer mainly had to do with getting approval for purchases, or occasionally calling him to jointly interview prospective maintenance employees. (Id.). Defendants also cite to Marilyn Meyer's testimony that Eric Meyer would not have a clue about payroll. (Id., exh. C). Defendants argue that Eric Meyer should be dismissed from this suit because he does not meet three of the four elements of the economic reality test.

However, Eric Meyer testified that he had authority to fire employees at Calton Management, and that he had done so on several occasions. (Docket no. 35, exh. P7, pgs 22-23). In fact, Eric Meyer testified that it was his decision to fire Garza and that he

7

personally fired him. (Docket no. 35, exh. P7, pgs 22-23). Also Maria Gonzales, the apartment manager stated that she was able to hire maintenance individuals but she calls to get approval so "they can review the applications and resumes to make sure." (Docket no. 56, exh. B, pg. 20). She stated she would tend to call Eric Meyers. (Id.). Further, although Eric Meyer stated that his wife, Marilyn Meyer, and "the lady that does the payroll" were in charge of personnel, he also testified that either he or his wife, would determine how much to pay an employee. (Docket no. 35, P7, pgs. 27, 45). Eric Meyer also stated that if an employee worked overtime, he would tell them to take time off the following day "or two days later if he wanted to," but he could not explain how the company kept track of this overtime. (Id., pg. 43). Additionally, Eric testified that he, his wife, his daughter, and his son all had access to the time cards at the front office, as well as authority to write checks on behalf of Calton Management. (Id., pgs. 51, 35). Finally, Eric Meyer stated that he observed Garza leave the covers off the air conditioners over twenty times and eventually terminated him for this reason, and that he would periodically check to see if work orders were, in fact, being completed. (Id., pgs. 25, 26, 36).

Based on the foregoing, the undersigned finds that Eric Meyer (1) possessed the power to hire and fire employees, (2) supervised and controlled employee conditions of employment, and (3)

determined the rate and method of payment; therefore, he should be considered an employer for purposes of the FLSA. As such, summary judgment should be denied as to Eric Meyer.

**B. Marilyn Meyer**

Defendants also maintain Marilyn Meyer, a member of the LLC who was employed by the LLC as an office manager, was not plaintiffs' employer. Defendants cite to Mrs. Meyer's affidavit wherein she states that the apartment manager is responsible for hiring and firing employees; supervising and controlling work schedules and conditions of employment; determining the rate and method of payment; and maintaining employment records. (Docket no. 56, exh. A). Additionally, Mrs. Meyer attests that it was the corporate payroll person's responsibility to add up hours, review and process them, and issue checks to the employees. (Id.). Mrs. Meyer also denied handling personnel records and maintained that she merely oversaw the overall functioning of Calton Management, LLC and "did not have significant knowledge of the inner workings of the payroll department." Defendants maintain Marilyn Meyer should be dismissed from this suit because she does not meet the requisite elements of the economic reality test.

However, Marilyn Meyers testified that before Calton Management, LLC was formed, she and her husband managed the properties owned by Calton Investments, Inc. (Id., exh. C, pg. 8). Further, as noted previously, Eric Meyer testified that his wife,

9

Marilyn, and "the lady that does the payroll" were in charge of personnel (Docket no. 35, exh. P7, pg. 27), that either he or his wife would decide how much to pay an employee (id., pg. 45), that he, his wife, his daughter, and his son all had access to the time cards at the front office (id., pg. 51), and that he, his wife, his daughter, and his son each had authority to write checks on behalf of Calton Management, LLC (id., pg. 35). Also, Eric testified that his wife terminated a lady by the name of Terry Castillo or Terry Mauricio, a manager at Cordoba Apartments. (Id., pg. 39). Marilyn Meyer also appears to have signed the Employment Agreements which establishes the rate of pay. (Id., P2, P6). Finally, in response to interrogatories, defendants responded that Marilyn Meyer had supervisory authority over the property manager at Timberock. (Docket no. 24, exhs. 4 and 5).

Based on the foregoing, the undersigned finds that Marilyn Meyer (1) possessed the power to fire employees, (2) supervised and controlled conditions of employment, and (3) determined the rate and method of payment; therefore, she should be considered an employer for purposes of the FLSA. As such, summary judgment should be denied as to Marilyn Meyer.

**C. Brent Meyer**

Defendants next maintain Brent Meyer was not plaintiffs' employer, stating that he did not supervise and control schedules, handle work records or conditions or employment, or handle payroll

matters.  Instead, defendants state that Brent Meyer maintains the books for Calton Management, LLC, and occasionally participated in joint hiring interviews.  Defendants argue that Brent Meyer should be dismissed from this suit because he does not satisfy the requisite elements of the economic reality test.

However, in addition to maintaining the books for Calton Management, Brent also stated the following: that he interviewed people for manager and maintenance positions; that he hired employees; that he has authority to write checks for Calton Management, LLC; and that he approves invoices from independent contractors on behalf of Calton Management LLC.  (Docket no. 56, exh. E, pgs. 10-12, 15, 19, 43).  Further, in response to interrogatories, defendants responded that Brent Meyer had supervisory authority over the property manager at Timberock. (Docket no. 24, exhs. 4 and 5).

Based on the foregoing, the undersigned finds that Brent Meyer (1) possessed the power to hire employees and (2) supervised and controlled conditions of employment; therefore, he should be considered an employer for purposes of the FLSA.  As such, summary judgment should be denied as to Brent Meyer.

**D. Calton Investments, Inc.**

Lastly, defendants maintain Calton Investments, Inc. was not plaintiffs' employer and, therefore, should be dismissed from this suit.  In particular, defendants maintain that, unlike Carlton

11

Management LLC, Calton Investments, Inc. had no authority to hire or fire employees, did not supervise and/or control employee work schedules or their conditions of employment, did not determine the rate and method of payment of employees, and did not maintain employment records.

Plaintiffs respond that because Calton Investment, Inc. is owned by Marilyn Meyer, Eric Meyer, and Brent Meyer, and these defendants had substantial control over the terms and conditions of plaintiffs' employment, that Calton Investments, Inc. likewise had substantial control over the terms and conditions of plaintiffs' employment and should, therefore, also be found to be an employer for purposes of the FLSA. However, in determining whether defendants are employers for purposes of the FLSA, the court applies the "economic reality" test to *each* individual or entity alleged by plaintiffs to be an employer. **Gray**, 673 F.3d at 355. "Liability for violating an employee's rights under FLSA has attached to a parent corporation for the acts of a subsidiary when the parent substantially controls the terms and conditions of employment at its subsidiary on a regular basis." **Yaklin v. W–H Energy Servs., Inc.**, 2008 WL 4692419, *7 (S.D.Tex. Oct.22, 2008) (*quoting* **Lehman v. Legg Mason, Inc.**, 532 F.Supp.2d 726, 733 (M.D. Pa. 2007)); **see also Tullous v. Tex. Aquaculture Processing Co. LLC**, C.A. No. H–06–1858, 2008 WL 4426140, *8 (S.D.Tex. Sept.30, 2008) (using the "economic realities" test to determine whether

separate entities are "joint employers" under the FLSA).

Here, there is no evidence that the parent, Calton Investments, Inc., substantially controlled the terms and conditions of employment at its subsidiary, Calton Management, LLC, on a regular basis. The fact that Brent Meyer, Marilyn Meyer and Eric Meyer are shareholders of Calton Investments, Inc., and that they otherwise meet the requirements for the economic reality test does not establish that Calton Investments, Inc. was plaintiffs' employer. **See Gray**, 673 F.3d at 355 ("mere conclusory allegations and inferences are not sufficient to prove the required linkage)(internal quote omitted). The only evidence that arguably supports plaintiffs' position that Calton Investments, Inc. was plaintiffs' employer is the fact that Valdez and Garza's overtime wages were paid by Calton Investments, Inc. However, this single factor is insufficient to find Calton Investments, Inc. had operating control over the plaintiffs on a regular basis so as to render Calton Investments, Inc. liable as an employer pursuant to the FLSA. Accordingly, summary judgment should be granted as to Calton Investment, Inc.

## CONCLUSION

Based on the court's analysis, the undersigned believes that summary judgment should be granted as to Calton Investments, Inc. and denied as to Eric Meyer, Marilyn Meyer, and Brent Meyer. The parties should consider this memorandum and recommendation as

13

formal notice of the district court's consideration of summary judgment on the grounds discussed herein.  ***See Matter of Hailey***, 621 F.2d 169, 171 (5th Cir. 1980) (observing that Rule 56 does not indicate that a judge may render a summary judgment sua sponte and explaining that before doing so, a party must be timely served and given an opportunity to respond and present summary judgment evidence).

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of the Magistrate Judge that Defendants' Motion for Summary Judgment as to Non-Employer Parties should be **GRANTED** as to Calton Investments, Inc. and **DENIED** as to Eric Meyer, Marilyn Meyer, and Brent Meyer. (Docket no. 56).

### Instructions for Service and Notice of Right to Object

The District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either electronically or by mailing a copy by certified mail, return receipt requested.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), Fed.R.Civ.P., any party who desires to object to this Memorandum and Recommendation must serve and file specific written objections within 14 days after being served with a copy.  ***Such party shall file the objections with the District Clerk and serve the objections on all other parties and the Magistrate Judge***.  A party's failure to file written objections

to the findings, conclusions, and recommendations contained in this report within 14 days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of factual findings and legal conclusions to which the party did not object, which were accepted and adopted by the District Court. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985); ***Douglass v. United Servs. Auto. Ass'n***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED** April 13, 2015.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE